# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NORTH CAROLINA

Western Division



FILED
NOV 1 4 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Trevor G Graham PRO SE
ANN GRAHAM PRO CE

**PLAINTIFFS**

VS

Trustee service of Carolina PLLC,
Wake County Clerk of Superior,
Shellpoint Mortgage servicing

**DEFENDANTS**

CASE NO. 5:22-CV-00454-M

**COMPLAINT AGAINST FORCLOSURE OF PROPERTY AND VIOLATION OF DUE PROCESS RIGHTS**

**CIVIL, ACTION**

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, this civil action "COMPALINT" is based on the fact of the foreclosure of the plaintiff's real property and violation of the plaintiff's due process vested constitutional rights.

## PARTIES

1. **Plaintiff** ("plaintiff) Trevor graham Ann graham 1920 Wescott Drive Raleigh NC 27614

2. Trustee service of Carolina (hereinafter referred as **Defendant No1). PLLC** 5431 Oleander Drive, Wilmington NC 28403,

    Trustee service of Carolina PLLC has committed Fraud, violation of due process rights violation of the duties of the trustee.

3. Wake County Clerk of Superior Clerk Special Proceedings department (hereinafter referred as **Defendant No 2).**316 Fayetteville Street, po box 351, Raleigh NC 27602. Special proceeding department Is a department under legal obligation to proceed with the cases on merits wake county clerk for special proceeding department has not allowed the plaintiff to continue the case despite of this admitted fact that the entire proceedings which were initiated by defendant No.1 was time barred.

4. Shellpoint Mortgage servicing (hereinafter referred as **Defendant No 3)**. 75 Beattie Pl Ste 300, Greenville, SC 29601

    Shellpoint Mortgage Servicing Has committed fraud by producing the fraudulent document before the court and committed forgery which an attempt to dispossess the plaintiff from his property fraudulently by an illegal means, right to property which is fundamental and due process rights under 14th and 5th amendment of the constitution

## INTRODUCTION

PLAINTIIFF'S alleges and seeks indulgence of this honorable court against violation of due process rights of the plaintiff's vested fundamental due process rights by the defendant the brief facts of the matter in issue are that the Special Procedure Department appeal court resumed session on **Tuesday October 4, 2022,** before the Honorable Stephen R Futrell. The case of Trustees Services Carolina vs Graham was called for hearing and the plaintiff was not given the opportunity to be heard. All the plaintiff's oral and written arguments were ignored by the court. The court only addressed the defendant's claims **(Exhibit A).**

**On the 17th of August 2022** foreclosure hearing before the clerk Larry Holder of the Special Procedure Department the clerk did not give the plaintiff an opportunity, to view defendant's documents before the hearing. The day before the hearing the plaintiff file was in possession of the clerk Larry Holder's personal office and were not annexed by the clerks with the other foreclosure files.,.

The special procedure department and the defendants has violated the due process right of the plaintiff protected under 5th amendment and 14th Amendment of the constitution of the Unites States by not giving any opportunity to view or to file any evidence to defend themselves. The clerk of the special procedure department has decided against the principle settled by the natural justice system it is settled principle of natural law that, "No one should be Condemned Unheard".

- 3 -
COMPLAINT FOR DUE PROCESS

## JURISDICTION AND VENUE

5. Venue is proper because all or a substantial part of the conduct giving rise to the causes of action were committed in North Carolina and the matter at issue involves an issue in between a department and the person.

6. Subject matter jurisdiction is proper as the complaints involves the violation of fundamental rights of the plaintiff and the act of the defendants is in violation of the 14th Amendment to the United States Constitution there for pursuant to Amdt14.S1.7.1.1 of the constitution the jurisdiction is proper.

## TABLE OF CONTENTS

1. Certificate of service ...........................................(i)
2. Table of contents......................................
3. Table of authorities............................................(ii)
4. Introduction ....................................................
5. Jurisdictional statement................................
6. Factual background ................................
7. Count one .........................
8. Count two .....................
9. Count three.........................
10. Arguments....................
11. Conclusion

# TABLE OF AUTHORITIES

1) 5th amendment of United states constitution

2) 14th amendment of United states constitution

3) BLACK'S LAW DICTIONARY (10th ed. 2014).

4) BLACK'S LAW DICTIONARY, supra note 1.

5) Stephen E. Sachs, Pennoyer Was Right, 95 TEX. L. REV. 1249, 1270 (2017)

6) Flower v. Parker, 9 F. Cas. 323, 324 (C.C.D. Mass. 1823) (No. 4891) (Story, C.J.)

7) Customary Law, BLACK'S LAW DICTIONARY, supra note 1.

8) Hall v. Williams, 23 Mass. (6 Pick.) 232, 238 (1828)

9) U.S. CONST. amend. XIV, § 1 ([N]

10) See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811–12 (1985)

11) World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)

12) See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 313–14 (1950)

13) See, e.g., Cal. Civ. Proc. Code § 410.10

14) 0' Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982),

15) quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

16) See also Little v. Streater, 452 U.S. 1, 5-6 (1981). 102

17) Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235 (11th Cir. 1999) (Tab 2) (citing Citibank, N.A. v. Data Lease Financial Corp., 904 F. 2d 1498, 1503 (11th Cir. 1990)) (Tab 4). Id. 11

18) Ragsdale, 193 F.3d at 1238 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) cmt. b (1980)).

19) In re Piper Aircraft Corporation, 244 F.3d 1289, 1302 (11th Cir. 2001) (Tab 3). Id. at 1301

20) . In re Brose, 242 B.R. 531, 533 n. 7 (Bankr. M.D. Fla. 1999) (holding that a settlement agreement approved in a prior bankruptcy case of the debtor precluded relitigation of the issues settled therein under the doctrine of res judicata) (Tab 5).

21) Hay v. Salisbury, 109 So. 617 (Fla. 1926) (Tab 6)

22) 6 I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) (Tab 7).

23) Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 338 (1979).

24) I.A. Durbin, 793 F.2d at 1549. 1

25) Bush v. Balfour Beatty Bahamas, Ltd., 62 F.3d 1319, 1322 (11th Cir. 1995) (Tab 8).

26) Community Bank of Homestead v. Torcise, 162 F.3d 1084, 1086 (11th Cir. 1998) (Tab 9) (citing Essenson v. Polo Club Assocs., 688 So. 2d 981, 983 (Fla. 2d DCA 1997)).

27) Bush v. Balfour Beatty Bahamas, Ltd., 62 F.3d at 1323 (Tab 8). 22 Id. 23 Id. at 1325, n. 8 (citing Parklane Hosiery Co., Inc., 439 U.S. 322, 331 (U.S. 1979)).

28) Rule 41(a)(1); Parrish v. Uzzell, 41 N.C. App. 479, 483–84 (1979)

29) Graham v. Hardee's Food Sys., Inc., 121 N.C. App. 382, 385 (1996. Rule 41(a)(1); Parrish v. Uzzell, 41 N.C. App. 479, 483–84 (1979

30) Exhibit A) Appeal court transcript

31) Exhibit B) Email from the Bank Of New York Mellon

32) Exhibit C) Declaration of Laurie Hoeltzel and the assignment of Trevor Graham and Ann Graham Deed of trust

33) Exhibit D) Mortgage Electronic Servicing system stop tracking the Mortgage

34) Exhibit E) Plaintiff 2 voluntary dismissal Order

35) Exhibit F) Original note and deed of trust

## FACTS

7. The brief background of the case is that the Clerk Larry Holder in the special procedure department, on **August 17th, 2022,** at the foreclosure hearing did not follow the rules to foreclose **per rules § 45-21.16. Notice and hearing to foreclose on Appellant's property.** During the hearing the Appellants were not given an opportunity to view any of the plaintiff's documents because none of the plaintiff's documents to foreclose were filed with the court until after the hearing was over.

8. The plaintiff Trevor Graham ask Mr. Holder several times during the hearing to reschedule the hearing to give the Appellant's more time to examine and to view the Plaintiff's documents and he continued to deny the plaintiff his rights. The Due process rights of the Appellants were seriously violated because the plaintiffs were not able to defend themselves against the defendant's claims and the plaintiff have no idea how or when Mr. Holder received the defendant's documents, and the defendant did not Exhibit any of the **6 NC rules**

§ 45-21.16 **Notice and hearing** documents to foreclose on plaintiff property on **August 17th, 2022**.

9. During the hearing Rachel L. Bruyere of Bradley law firm were there representing ShellPoint Mortgage Servicing. Megan Srnik was there on behalf of the trustee. No one was there representing the holder of the note Bank of America N.A.

10. After the hearing the plaintiff Trevor Graham overheard Mr. Holder in the hallway on the 12th floor stating to the attorney of Brock Scott Megan Snrik and the attorney of Bradley law firm Rachel. Bruyere that next time bring all original documents because this is the last time that he is going to allow them to use doctored documents.

11. Mr. Holder also did not address any motions that were filed by the plaintiff weeks before the hearing.

12. It is also important to mention that Rachel Bruyere of Bradley Law firm suddenly appear at the October 4th appeal hearing before the Honorable Stephen R Futrell representation the Bank of New York Mellon.

13. The debt that Plaintiff presented is a bill from ShellPoint Mortgage Servicing. Shellpoint mortgage or the Bank of New York Mellon is not the holder of the note **(Exhibit B)**.

14. On **August 16th, 2022,** the day before the August 17th hearing the plaintiff Trevor Graham requested a copy of appellant's file by email, and it was sent to the plaintiff by Pamela D Reese Assistant Clerk, Special Proceedings and none of the documents were in plaintiffs file.

15. The plaintiff also went to the special proceeding department in person the same day on **August 16th, 2022 and** request a copy of plaintiffs file and again none of the defendant's/claimants documents were filed with the court. It was also noticed that the

16. Plaintiffs file was not stored with the other files. Ms. Pamela D Reese had to retrieve the plaintiff t file from in Mr. Holder's personal office.

17. Under the principle of natural justice, a proper hearing and right to contest has not been granted by the clerk and there are multiple and care and cautions which are necessary when the person is appearing as a pro se which is also settled by the Superior courts.

18. It is further submitted that The Assignment of Deed of Trust recorded on August **4, 2011**, is invalid. MERS did not assign the deed of trust which purportedly secured the Note. Thus, the assignment of the deed of trust was always void and inactive since **March 2007**. The purpose of an Assignment of Mortgage or Deed of Trust is to memorialize the sale of the Tangible Promissory Note, however, that did not happen because the mortgage was transferred illegally.

19. The Assignment of the Deed of Trust took place over 4 years after the closing date of the CWABS Asset-Backed Certificates Trust 2007-8 of May 31, 2007. The validity of the signature of Barbara J. Gibbs and her capacity as a Notary is questioned.

20. An Examination has also been performed by a Court Qualified Document Examiner and Handwriting Expert of multiple documents purporting to contain her signature and Notary Stamp. This examination has found that there is a pattern of inconsistencies among the comparison documents, which leaves to question as to which or if any document contains the authentic signature of Barbara J. Gibbs. The examiner has stated "It appears that more than

- 9 -
COMPLAINT FOR DUE PROCESS

Case 5:22-cv-00454-M-RN   Document 1   Filed 11/14/22   Page 9 of 20

one person in the comparison documents was signing the name of Barbara J. Gibbs. Therefore, there is a strong indication of forgery" **(Exhibit C)**. The chain of title of plaintiffs Deed of Trust has not been disclosed nor recorded pursuant to statutory requirements of law. the mortgage electronic servicer stopped tracking the mortgage since **March 15th, 2007** (Exhibit D). And the plaintiffs have not been billed by the defendant since 2007.

21. The entire matter in issue in the present case is an issue involving illegalities, irregularities and want of limitations. It is settled law that the law is indolent not vigilant and there is proper statutory time of limitation. And the defendant claim has been initiated after lapse of more than 15 years of time which itself is enough to establish that the claim of the defendant is based on illegalities.

22. The right to life and right to property, specifically the residents home/house is a fundamental right, and it is due process rights under the 14th and 5th amendment of the Constitution of The Unites states.

## COUNT ONE
## LIMITATION

23. PLAINTIFFS restate and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

**24.** Under § 45-21.12. Power of sale barred when foreclosure barred.

*25.* The statute of limitation always starts from the date of cause of action, there for there are multiple reasons on it, firstly the cause of action, accrued on the date of Foreclosure and secondly on the date when the bill was stopped on **March 15, 2007**. Hence the present case is

not within the limitation prescribed under the statute and the precedents which has been cited by superior court and under the North Carolina statute of limitation 3 years is the time period for the collection of debt that also has elapsed and the two dismissal rules under 41(A) is also applicable. it is settled by superior court that the two-dismissal rule only prohibits a third

26. Action based on the same claim where there were two prior notices of dismissal by the defendant the defendant voluntary dismissed on the **26th of October 2018 and again the 18th of July 2019 (Exhibit E)**

27. The two-dismissal rule prevents a third filing of any "action based on or including the same claim" as the two previously dismissed actions.

28. The limitation after the voluntary dismissal, under rule 60(b) the time limitation for the filing of a fresh lawsuit after voluntary dismissal is one year but this debt collection and foreclosure proceedings has been filed after elapsed of more than 2 ½ years which also has not filed within time hence liable to set aside,

29. WHEREFORE: The Plaintiff, seeks to stop the defendant from the foreclosure sale of the plaintiff's property on the ground of the laws of limitations.

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. PLAINTIFFS restate and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

2. That due to the illegal, arbitrary claims of the defendants without giving the plaintiffs any due process of law, the defendant has experienced financial burdens and intentional and emotional distress there for seeks a monetary judgment.

## COUNT THREE

## DECLARATORY JUDGMENT

3. PLAINTIFF restate and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

4. DEFENDANTS' aforementioned conduct was conscious, deliberate, intentional, and/or reckless in nature and based on fraud.

5. DEFENDANTS' aforementioned conduct was undertaken in a state of mind, which evidence hatred, ill will and is an attempt to deprive the plaintiff from the peaceful possession of the plaintiff property.

6. DEFENDANTS' aforementioned conduct evidences a conscious disregard for the rights of other persons and has a great probability of causing substantial harm and is violation of the plaintiff's due process rights

7. In this present case the trustee did not send plaintiffs any statement that the trustee is a neutral party. Megan Srnik the trustee gave an unfair advantage to the other party by 1)violating the evidence rules by not responding to plaintiff motion to challenge the foreclosure, 2) the plaintiffs request for documents 3) concealing factual evidence from the

plaintiffs, 4) ignoring the laws of limitations, 5) violate fiduciary duty by allowing the defendant to file questionable fraudulent documents as evidence (see assignment of Deed of trust) and 6) not answering appellants request for discovery 7) not showing any concerns when appellants challenge the validity of the defendant's claims when the trustee knew that the defendant's claim is falls and barred by the laws of limitation. The trustee continues to take sides with the other party by not giving plaintiff a fair chance to present their case.

8. Megan Srnik the trustee Admitted on the record that this is the third time that they are foreclosing on plaintiff's property and still did not advocate on behalf of the plaintiff to make sure the hearing was fair. The trustee did not advocate on behalf of the Appellants although the plaintiff did not have the five things to foreclose at the August 17th, 2022, foreclosure hearing

9. No one was at the hearing on August 17th, 2022, representing the lender. Rachel M. LaBruyere, Esq from Badley Law firm (defendant) was there representing ShellPoint Mortgage Servicing and the bill in question is from Shell Point Mortgage and not from the lender.

   1) The plaintiff is not the Lender **(Exhibit F)**

   2) There is no valid debt because the debt is time barred by the statute of limitations.

   3) The Plaintiff was not in possession of the note on August 17$^{th,}$ 2022, at the foreclosure hearing.

10. The responsibility as a trustee in a power of sale foreclosure has a fiduciary duty to both the debtor and the creditor. In re Foreclosure of Vogler Realty, Inc., 365 N.C. 389, 397 (2012). The trustee must be impartial in the performance of his or her duties as a disinterested third party and may not give an unfair advantage to one party to the detriment of the other. *Id. See*

*also* In re Foreclosure by Goddard & Peterson, PLLC, 789 S.E.2d 835, 841 (2016); In re Foreclosure of Real Property for $143,600.00, 156 N.C. App. 477, 483 (2003). This duty is recognized in G.S. Chapter 45, which requires that the notice of hearing include a statement that the trustee is a neutral party and, while holding that position, may not advocate for the creditor or the debtor in the foreclosure proceeding. G.S. 45-21.16(c)(7)(b).

11. As a result, PLAINTIFF seeks a declaratory judgment stating the foreclosure as illegal.

## JURISDICTION AND DUE PROCESS

The present issue involves the due process right which enshrined under the constitution and federal court has jurisdiction to entertain the relief claimed the 14th amendment to the United States constitution states All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. But the due process rights of the plaintiff has been violated by the defendants with an attempt to deprive the plaintiff from their property and in this regard also the special proceedings department has violated procedural due process, by not considering the plaintiff's genuine request and doing procedural error of none production of the documents to the relevant judge,

the Supreme Court's decision in Pennoyer, the Court has interpreted the Due Process Clause of the Fourteenth Amendment7 to limit the power of state courts to render judgments affecting the personal rights of defendants who do not reside within the state's territory. Pennoyer converted the issue of personal jurisdiction into a question of federal constitutional law, allowing a party to obtain direct review of a state court's judgment in federal court (i.e., review of the judgment on appeal) on the

grounds that the state court lacked personal jurisdiction over the party. Under the Supreme Court's interpretation of the Fourteenth Amendment, a state court that issued a judgment affecting a nonresident without jurisdiction had violated the constitutional rights of that person by depriving them of property without due process of law.

## COLLATERAL ESTOPPEL

In the present case the concept of Collateral estoppel is also applicable due to two dismissal rule under the rule of collateral estoppel When claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the litigation of particular issues that were actually litigated and decided in the prior suit.16 Collateral estoppel has the two-fold purpose of protecting litigants from the burden of litigating identical facts and issues with the same party and promoting judicial economy by preventing needless litigation. The elements of the federal collateral estoppel doctrine are: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.18 The court must also find that the burden of persuasion in the later action is not significantly heavier than the burden of persuasion in the initial proceeding.19 Under Florida law, the elements of collateral estoppel are: (1) the identical issue has been fully litigated, (2) by the same parties, and (3) a final decision has been rendered by a court of competent jurisdiction. But in the present case on

different dates the respondent has filed complaints and decided each complaint despite of that illegality the court has not considered the plaintiff well reasons contentions. Hence the impugned judgement is liable to be set aside.

## LIMITATIONS

**The Foreclosure Notice Is Time Barred by Laws Of Limitation.** The chain of title of plaintiffs Deed of Trust has not been disclosed nor recorded pursuant to statutory requirements of law. the mortgage electronic servicer stopped tracking the mortgage since **March 15th, 2007 (exhibit D)** . And the plaintiff has not billed since 2007 and under **§ 45-21.12. Power of sale barred when foreclosure barred** (a) Except as provided in subsection (b) no person shall exercise any power of sale contained in any mortgage or deed of trust, or provided by statute, when an action to foreclose the mortgage or deed of trust, is barred by the statute of limitations

It is pertinent to mention here that that the claim is a fraudulent claim and. The statute of limitation always starts from the date of cause of action, there for there are multiple reasons on it, firstly the cause of action, accrued on the date of Foreclosure and secondly on the date when the billing was stopped on **March 15, 2007.** Hence the present case is not within the limitation prescribed under the statute and the precedents which has been cited by superior court and under the North Carolina statute of limitation 3 years is the time period for the collection of debt that also has elapsed and the two dismissal rules under 41(A) is also applicable. it is settled by superior court that the two-dismissal rule only prohibits a third

action based on the same claim where there were two prior notices of dismissal by the plaintiff.

The two-dismissal rule prevents a third filing of any "action based on or including the same claim" as the two previously dismissed actions. Rule 41(a)(1). See, e.g., Graham v. Hardee's Food Sys., Inc., 121 N.C. App. 382, 385 (1996. Rule 41(a)(1); Parrish v. Uzzell, 41 N.C. App. 479, 483–84 (1979) And rule 60 (b) provided the limitation after the voluntary dismissal,

under rule 60(b) the time limitation for the filing of a fresh lawsuit after voluntary dismissal in one year but this debt collection and foreclosure proceedings has been filed after elapsed of more than 2 years which also has not filed within time hence liable to set aside, as mentioned

Many federal laws contain statutes of limitations that bar plaintiffs from filing civil lawsuits after a specified time period. 15 U.S.C. § 15b, for example, provides that certain civil antitrust lawsuit "shall be forever barred unless commenced within four years after the cause of action accrued and the clock in the present case has been elapsed years ago and now the defendant have filed any exemption and condonation application. Hence the foreclosure sale of appellant's property is barred under the laws of limitations.

In Rotkiske, a debt collector sued a consumer in 2009 to collect an unpaid credit card debt. Because the debt collector allegedly served the lawsuit on the wrong person, the consumer was unaware of the lawsuit, and the debt collector obtained a default judgment against him. The consumer claimed he did not discover that adverse judgment until 2014. Once he finally learned about the 2009 case, the consumer filed his own

lawsuit against the debt collector in 2015. The consumer specifically claimed that the debt collector violated the FDCPA by filing the 2009 lawsuit after the applicable statute of limitations governing debt collection actions had expired.

However, the consumer encountered statute of limitations problems of his own. 15 U.S.C. § 1692k(d) requires plaintiffs to file FDCPA lawsuits "within one year from the date on which the violation occurs. "The debt collector argued that this one-year limitations period had expired because the alleged FDCPA violation occurred in 2009, but the consumer did not file his FDCPA suit until six years later. The consumer, however, claimed his suit was timely because the one-year statute of limitations instead ran from the date he discovered the alleged FDCPA violation—that is, when he learned about the default judgment in 2014.

The Supreme Court, in an opinion by Justice Thomas joined by seven other Justices, agreed with the debt collector and affirmed the lower court's order dismissing the consumer's case. The Court first determined that 15 U.S.C. § 1692k(d) unambiguously states that the plaintiff must bring an FDCPA suit "within one year from the date on which the violation occurs," not one year from the date on which the plaintiff discovered the alleged violation. The Court reasoned that if Congress intended the statute of limitations to run from the date of discovery, it would have said so explicitly. For example, the Court explained,

Congress could have instead drafted 15 U.S.C. § 1692k(d) like 12 U.S.C. § 3416, which allows a plaintiff to sue to enforce certain financial privacy laws "within three years from the date on which the violation occurs or the date of discovery of such violation, whichever is later." Because Congress did not do so when enacting the FDCPA, the one-year limitations period ran from the date of the alleged violation itself, and the consumer's lawsuit was therefore untimely. Similarly, in the present case the respondent has stopped billing the plaintiff and the Mortgage Electronic System stopped tracking the loan since **March 15th, 2007,** and even otherwise the 3-year North Carolina Statute to collect a debt has lapsed years

## **PRAYER**

**WHEREFORE, PLAINTIFFS DEMANDS,**

A. For a declaration, declaring the entire proceedings illegal based on fraud, and declares the foreclosure as illegal.

B. Direct the defendant not to disposes the plaintiff from the peaceful possession of the real property/only living home.

C. To protect the due process fundamental rights of the plaintiff.

D. For a damage in excess of $250, million

E. . For costs, interest and $150,000 attorney's; and,

F. For any other relief that this court deems just and appropriate.

G. JURY TRIAL DEMONDED

**November 14, 2022**

Respectfully Submitted

Trevor Graham    PRO SE
1920 Wescott Drive
Raleigh NC 27614

Ann Graham    PRO SE
1920 Wescott Drive
Raleigh NC 27614

## CERTIFICATE OF SERVICE

I hereby certify that on November 14th, 2022, a copy of the foregoing complaint sends notification of such filing to the parties of record who participate in the CM/ECF system and place a copy of the same notice in the U.S First Class mail, address to the following individual.

Trustee service of Carolina PLLC
5431 Oleander Drive
Wilmington NC 28403
Phone 910-392-8988

Wake County Clerk of Superior
Special Proceedings Department
316 Fayetteville Street,
PO Box 351
Raleigh NC 27602

Shellpoint Mortgage servicing
75 Beattie Pl Suite 300
Greenville, SC 29601
Phone: (800) 365-7107
Phone: 919-792-400

November 14th , 2022

Respectfully Submitted

Trevor Graham Pro Se
1920 Wescott Drive
Raleigh NC 27614

Ann Graham    PRO SE
1920 Wescott Drive
Raleigh NC 27614